.JOHN McQUEEN, Receiver, etc., of THE POWERVILLE FELT ROOFING COMPANY (LIMITED) Appellant, *v.* TOBIAS NEW, Respondent.

*.Jurisdiction of a fraud committed in another State — non-resident parties in interest in an action for tort — separate causes of action — fraud committed by the officers of a corporation outside of the State.*

·The courts of the State of New York have jurisdiction to entertain an action to recover damages against a resident of such State arising out of fraud committed in another State.

When persons are not within the jurisdiction of the courts of the State of New York, and there is no way by which they can be brought within its jurisdiction, they need not be made parties defendant in an action brought therein.

In an action founded in fraud it is not necessary to make all of the wrongdoers parties defendant.

In an action brought to compel a defendant to account for property which belonged to a corporation of which the plaintiff is receiver, and which it is alleged the defendant fraudulently acquired, the fact that the plaintiff seeks to have set aside the proceedings through which the defendant asserted that he acquired the property, does not constitute an independent cause of action.

·The officers of a corporation organized under the laws of the State of New York are bound to administer its property and its affairs in accordance with the laws of such State, and the fact that the transfers of property of such corporation, in violation of the laws of the State of New York, were made in another State does not render the act less fraudulent in law, nor does it relieve the officers thereof from liability therefor.

APPEAL by the plaintiff, John McQueen, receiver, etc., of the Powerville Felt Roofing Company (Limited), from an interlocutory

judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 3d day of December, 1894, upon the decision of the court, rendered at the New York Special Term, sustaining the defendant's demurrer to the plaintiff's complaint.

*Henry H. Whitman*, for the appellant.

*F. J. Mather*, for the respondent.

FOLLETT, J.:

The Powerville Felt Roofing Company (Limited) was incorporated under the laws of the State of New York. December 21, 1892, by a final judgment entered in an action in this court, the corporation was dissolved because it was insolvent, and thereafter John McQueen was duly appointed permanent receiver, and entered upon the discharge of his duties. It is alleged in the complaint that November 25, 1892, the corporation owned and was in possession of personal property in the city of Chicago, Ill., of the value of $15,000 and upwards, and that on that day the corporation confessed a judgment to William H. Eberts and John M. Eberts in the sum of $81,000 damages, besides costs, and upon the same day an execution thereon was issued to the sheriff of Cook county, who thereupon levied and took into his possession all of the personal property of the corporation then in the city of Chicago. It is further alleged that at that date the corporation was insolvent, as was well known to Francis J. Palmer, the treasurer, and Charles E. Lockwood, the secretary, who, because of such insolvency, collusively, and with intent to defraud the creditors of the corporation, confessed said judgment to said William H. and John M. Eberts, the former being the president of the corporation. It is further alleged that December 5, 1892, William H. and John M. Eberts, under the firm name of Eberts Bros., transferred to this defendant the aforesaid judgment and the lien which had been acquired by the levy of the execution, and that the defendant by a written contract dated on that day, which is set out in the complaint, agreed to dispose of the avails of such property and other personal property of the corporation then at Duluth, Minn., as follows :

(1) Pay the expenses of managing, selling and converting said

property. (2) Retain therefrom about $40,000 in payment of notes made or indorsed by the corporation and also indorsed by Eberts Bros., and then owned by the defendant. (3) Distribute the remainder ratably among the creditors of the corporation to whom Eberts Bros. were liable as indorsers. (4) Pay the surplus, if any, to Eberts Bros. It is further alleged that October 21, 1893, the defendant, by virtue of said judgment, execution and fraudulent bill of sale, acquired from the proceeds of the property so levied on $3,381, which he has refused to pay to the plaintiff although demanded. It is further alleged that the defendant knew when he took said assignment and entered into the contract set out in the complaint, that the judgment confessed and all proceedings taken thereunder were fraudulent and void, and were taken with the intent to defeat the just claims of the creditors of the corporation, to secure an unlawful preference over them and in fraud of the rights of the receiver. It is also alleged that the defendant is a resident of this State. March 31, 1893, the defendant filed with the plaintiff a verified claim, in which he alleged that the corporation was indebted to him in upwards of $11,000. On November 21, 1893, by an order duly made by the Supreme Court the plaintiff was authorized to bring this action.

The defendant demurred to the complaint on the following grounds:

1. That the court has no jurisdiction of the subject of this action.

2. That there is a defect of parties defendant in the omission as parties of William H. Eberts and John M. Eberts referred to in the agreement set forth in said complaint.

3. That several causes of action have been improperly united, one being a suit or proceeding to set aside a judgment, and the second a claim for recovery of money.

4. That the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained on the ground that sufficient facts are not stated in the complaint to constitute a cause of action. The first ground of demurrer needs no consideration, for it has been many times held that the courts of this State have jurisdiction to entertain an action to recover damages against a resident of this

State for a fraud committed in another State. It does not appear on the face of the complaint that there is a defect of parties defendant. It is not alleged that William H. and John M. Eberts are residents of this State, or that they are or ever have been within the jurisdiction of the courts of this State, but, on the contrary, it is inferentially alleged that they are, and at the time of the transactions complained of were, residents of the State of Michigan; nor does it appear that they could be brought within the jurisdiction of the court by substituted service. When persons are not within the jurisdiction of the court, and there is no way by which they can be brought within its jurisdiction, they need not be made parties defendant. (Story's Eq. Pldgs. [10th ed.] § 78.) Besides, it does not appear that William H. and John M. Eberts are necessary parties. This is an action founded in fraud, and it is not necessary in such actions to make all of the wrongdoers defendants.

As to the third ground of demurrer, it is apparent that only a single cause of action is stated in the complaint; that is, to compel the defendant to account for property which belonged to the corporation, and which, it is alleged, he fraudulently acquired. The fact that the plaintiff seeks to have the proceedings through which the defendant asserts that he acquired the property set aside, does not constitute an independent cause of action.

The only real question involved is whether sufficient facts are set out in the complaint to constitute a cause of action. It is urged that it is not alleged that the judgment confessed is fraudulent in fact, but that the allegation is that it is fraudulent in law, because violative of the statute of this State prohibiting transfers of property by an insolvent corporation, in contemplation of insolvency, for the purpose of giving preferences to its officers or creditors. It seems to be conceded by the learned counsel for the defendant, and also in the opinion delivered at Special Term, that had the transfer described in the complaint been made in the State of New York sufficient facts to constitute a cause of action would have been stated in the complaint. This concession is undoubtedly correct, and it disposes of the case. The corporation was organized under the laws of this State, and its officers were bound to administer its property and its affairs in accordance with the laws of this State, and the fact that transfers of

property, in violation of the laws of this State, were made in another State does not render the act less fraudulent in law, nor does it relieve them from liability therefor. A rule that officers of corporations of this State may make such transfers in another State would enable the officers of failing corporations of this State to transfer some or all of their movables to an adjoining State, and there, by confessions of judgment or otherwise, to secure preferences to themselves or to creditors which are forbidden by our statutes.

It is alleged that this defendant knew that the transfer which he contracted to carry out and enforce was fraudulent and void under the laws of this State.

We think the complaint states facts sufficient to constitute a cause of action and that the interlocutory judgment should be reversed, with costs, and with leave to the defendant to withdraw his demurrer and answer upon the payment of the costs in this court and in the court below.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed, with costs, and with leave to defendant to withdraw demurrer and answer on payment of costs of appeal and in the court below.